United States District Court
Southern District of Texas
**ENTERED**
September 10, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE KING/MOROCCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-19-1574 |
| | § | |
| KEATING NISSAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court is Defendant's Motion to Dismiss (Doc. 5) and the response filed thereto. In the motion, Defendant argues that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure ("Rule") 8 because its rambling, non-linear allegations are "confusing, ambiguous, redundant, vague, and unintelligible."

For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **GRANTED IN PART** and **DENIED IN PART**.

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of

the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

Additionally, as Plaintiff has been granted permission to proceed in forma pauperis, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section allows the court to dismiss, sua sponte, any claim that the court deems frivolous or malicious, or which fails to state a claim upon which relief can be granted. A claim may be deemed frivolous if it "lacks an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under Section 1915(e), a court does not have to accept as true a litigant's allegations if the allegations lack material facts or are irrational. See Willrich v. United States, Civ. Action No. 3:13cv3149, 2013 WL 5273331 *2 (N.D. Tex. Sept. 18, 2013)(citing Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990)).

Plaintiff, styling himself "The King/Morocco," filed this action against his former employer for employment discrimination based on his termination in January 2019. Attached to the complaint is an Equal Employment Opportunity Commission ("EEOC") Right To Sue letter and a Charge of Discrimination which shows that Plaintiff timely filed an EEOC administrative complaint of discrimination and timely filed this suit. Plaintiff has adequately alleged a Title VII employment discrimination claim.

The complaint also appears to allege fraud, collusion, negligence, genocide and conspiracy, violations of the Texas Constitution, the Genetic Information Non-Discrimination Act, Title 18 of the United States Code and various international treaties arising from his employment.

It is the latter group of claims that Defendant argues lacks factual support. Having reviewed the complaint, the court agrees that Plaintiff's complaint lacks factual support for any cause of action, other than a Title VII employment discrimination action.

Accordingly, it is **RECOMMENDED** that Plaintiff's claims for fraud, collusion, negligence, genocide and conspiracy, and violations of the Texas Constitution, the Genetic Information Non-Discrimination Act, Title 18 of the United States Code and international treaties be **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff is further advised that he may be subject to monetary or other

sanctions if he continues to pursue frivolous claims. Any further amendments must be with leave of court.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 10th day of September, 2019.

Nancy K. Johnson
United States Magistrate Judge