United States District Court
Southern District of Texas
**ENTERED**
November 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE KING/MOROCCO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-cv-01574 |
| § | |
| KEATING NISSAN, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM & ORDER

This employment discrimination case is before the Court on Defendant's Motion for Summary Judgment (Dkt. 25). Having considered the parties' submissions and the law, the Court **GRANTS** Defendant's Motion for Summary Judgment be in its entirety.

### I. Background

The following facts are undisputed unless otherwise noted. Plaintiff began working for Defendant on November 8, 2018. Dkt. 1 at 1. Plaintiff was terminated on January 14, 2019 and then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on February 24, 2019, alleging discrimination because of his "race (Black), national origin, [and] color" and "retaliat[ion] when [he] was written up, and later discharged, for leaving work early." Dkt. 1-1 at 2. On March 13, 2019, the EEOC issued a dismissal of Plaintiff's EEOC complaint, explaining it was "unable to conclude that the information obtained establish[ed] violation of the statutes." *Id*. at 1.

Plaintiff alleges that he was employed by the Defendant from November 8, 2018 to January 14, 2019, and during that time was subjected to multiple incidents of discrimination or harassment.

1

Dkt. 1 at 1-3.  The parties dispute the details of these incidents, but Plaintiff's allegations are set forth below.

    1.  On November 8, 2018, Plaintiff was "verbally abused" and "ridiculed" by general sales manager Gabriel Deluc ("Deluc") for his clothing.  *Id*. ¶ 1.

    2.  On November 8, 2018, Plaintiff was given a work assignment by sales manager Johnny Whitworth, which listed Plaintiff's name as "The King/Elvis/George Striate (sic)."  *Id*. ¶ 2.

    3.  On December 1, 2018, Deluc used profanity when talking about a customer.  *Id*. ¶ 6.

    4.  On December 7, 2019, sales manager Johnny Whitworth and Deluc suggested Plaintiff had used drugs.  *Id*. ¶ 7.

    5.   In January 2019, an employee named James Castle "took away" an opportunity for Plaintiff to make a sale, stating, "I don't like the changes of pay structure that [Defendant] is enforcing, therefore I am doing this so that some of my sales people can make some money and won't quit."  *Id*. ¶ 9.

    6.  During a sales meeting on an unspecified date, Deluc pressured Plaintiff to cut his beard and "informed all the sales people that [Deluc had] participated in fraudulent activity at KEATING NISSAN (INTER-ALIA)."  *Id*. ¶ 3.

    7.  On an unspecified date, Deluc told Plaintiff to call "every person that [he] knew" and tell them that Deluc would pay them $300 for any person they referred to purchase a car from Defendant.  Deluc informed Plaintiff he did not intend to pay $300 to customers for referrals.  *Id*. ¶ 4.

    8.  On more than three occasions, Deluc called Plaintiff a "mother f**ker" and Plaintiff asked Deluc not to speak to him that way.  *Id*. ¶ 5.

    9.  On an unspecified date, a finance manager used profanity to describe a customer while talking to Plaintiff.  *Id*. ¶ 7.

    10.  During sales negotiations on an unspecified date, Deluc used profanity when talking with Plaintiff, who informed Deluc that he felt "disrespected and insulted."  *Id*. ¶ 8.

    11.   On unspecified dates, Plaintiff complained to human resources of "unlawful unconstitutional treatment" of Plaintiff by Defendant.  *Id*. ¶ 9.

    12.  On January 14, 2019, Deluc issued a write-up against Plaintiff for leaving work before the end of his shift.  Plaintiff informed Deluc that the write-up was "unfair" because Plaintiff had left work in accordance with Defendant's policies and that other salespeople had left under similar circumstances without repercussion.  Deluc then "snatch[ed]" the

write-up from Plaintiff. Following the incident, Plaintiff informed the human resources department that he would be filing a complaint with the EEOC and that he intended not to resign. Plaintiff was terminated later that day. *Id.*

Plaintiff filed a Complaint, which appears to allege claims for fraud, collusion, negligence, genocide, and conspiracy as well as violations of the Texas Constitution, the Genetic Information Non-Discrimination Act, Title 18 of the United States code, various international treaties, and Title VII. Dkt. 1. Defendant filed a Motion to Dismiss (Dkt. 5) Plaintiff's claims, which was granted in part and denied in part by United States Magistrate Judge Nancy Johnson.[1] Dkt. 10. Plaintiff's only surviving claims are those arising under Title VII. Although Plaintiff's EEOC complaint alleges claims for race discrimination, retaliation, and hostile work environment under Title VII, he has failed to present a *prima facie* case with respect to those claims and Defendant is entitled to summary judgment.

## II. Legal Standards

### A. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). A dispute about is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party and an issue is "material" if its resolution could affect the outcome of the case. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016); *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

---

[1] This case was referred from United State District Court Judge Sim Lake to United States Magistrate Judge Nancy Johnson on July 23, 2019. Dkt. 8. The parties consented to the jurisdiction of a United States Magistrate Judge and the case was transferred to the undersigned on September 4, 2020. Dkt. 37.

3

Once the moving party establishes that no factual issues exist, the burden shifts to the non-moving party to produce evidence of a genuine issue of material fact. The non-moving party must "go beyond the pleadings" and use affidavits or other competent summary judgment evidence to cite "specific facts" that show there is a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

## B. *McDonnell Douglas* Burden-Shifting

Plaintiff's Title VII claims are subject to the familiar *McDonnell Douglas* burden-shifting framework. *See McDonell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Pursuant to the *McDonnell Douglas* framework, a plaintiff relying on circumstantial evidence[2] of discrimination or retaliation must first demonstrate a *prima facie* case. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316-17 (5th Cir. 2004) (citations omitted). If the plaintiff meets this *prima facie* burden, a presumption of discrimination or retaliation arises, shifting the burden of production to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 417 (5th Cir. 2016) (citations omitted). If the employer states a legitimate reason for its action, the inference of discrimination disappears, and the burden shifts back to the plaintiff to present evidence that the employer's proffered reason is merely pretextual. *Id.* (citations omitted). "In contrast to the minimal burden that a plaintiff bears when establishing his *prima facie* case, a plaintiff must produce 'substantial evidence of pretext.'" *Id.* at 419 (quoting *Auguster v. Vermilion Par. Sch.*

---

[2] Direct evidence is evidence that, if believed by the trier of fact, proves the fact of intentional discrimination without any need for inference or presumption. *Ihegword v. Harris County Hosp. Dist.*, 929 F. Supp. 2d 635, 645 (S.D. Tex. 2013) (quoting *Portis v. Nat'l Bank of New Albany, Mississippi*, 34 F.3d 325, 328-29 (5th Cir. 1994)). Such evidence would include any statement or written document showing a discriminatory motive on its face.

4

*Bd.*, 249 F.3d 400, 402–03 (5th Cir. 2001)). The plaintiff always bears the ultimate burden to prove discrimination. *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (citations omitted).

### III.     Analysis

**A.    Defendant is entitled to summary judgment on Plaintiff's Title VII claims for discrimination based on race and national origin, and judgment on the pleadings on Plaintiff's claim of genetic information discrimination.**

To establish a *prima facie* case of racial discrimination under Title VII, Plaintiff must show (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than were other similarly situated employees who were not members of the protected class under nearly identical circumstances. *Anderson v. Venture Express*, 694 F. App'x 243, 246 (5th Cir. 2017) (citations omitted). Defendant concedes for summary judgment purposes only that Plaintiff has satisfied the first three elements of a *prima facie* case for discrimination under Title VII. Dkt. 25 at ¶ 22. However, Defendant argues it is entitled to summary judgment because Plaintiff has offered no evidence that he was treated less favorably than other similarly situated employees outside the protected class under nearly identical circumstances. *Id*.

To survive summary judgment, Plaintiff must establish a *prima facie* case of discrimination, which in this case would require him to present circumstantial evidence of the element disputed by Defendants--that he was treated differently than similarly situated non-members of the protected class under the same or similar circumstances. *Dortch v. Memorial Herman Healthcare System-Southwest*, 525 F. Supp. 2d 849, 862 (S.D. Tex. 2007) (quoting *Williams v. Trader Pub. Co.*, 213 F.3d 481, 484 (5th Cir. 2000)). The "similarly situated" element requires the situations of the plaintiff and non-protected class members to be nearly identical. *Id*.

5

at 862-63 (quoting *Perez v. Dept. of Crim. Justice*, 395 F.3d 206, 213 (5th Cir. 2004)). "Conjecture, speculation, and conclusory allegations" are insufficient to satisfy the stringent "nearly identical" standard. *Beltran v. University of Texas Health & Retardation*, 837 F. Supp. 2dd 635, 642 (S.D. Tex. 2011).

Plaintiff has failed to raise a genuine issue of material fact with respect to the fourth element of a *prima facie* case because he has presented no summary judgment evidence that any similarly situated, non-Black employee was treated more favorably under nearly identical circumstances. Plaintiff alleges Defendant "is discriminating against the plaintiff by treating [him] differently than other ethnic, national and racial groups at the workplace[]" but has failed to produce any evidence of a similarly situated, non-Black employee who, under "nearly identical" circumstances, was retained by Defendant. Dkt. 32 ¶ 1. Therefore, Plaintiff has not met his burden to establish each element of a *prima facie* case of race or national origin discrimination and Defendant is entitled to summary judgment with respect to Plaintiff's Title VII discrimination claim based on race.

With respect to Plaintiff's claim for genetic information discrimination, the Genetic Information Nondiscrimination Act ("GINA") prohibits employers from discriminating or taking adverse employment measures against an employee due to the employee's genetic information.[3] 42 U.S.C. § 2000ff-1(a)(1)-(2). Defendant seeks dismissal of Plaintiff's genetic information discrimination claim pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 25 ¶ 19 n.1. Dismissal under Rule 12(c) is appropriate where, after viewing all well-pleaded facts as true and

---

[3] GINA defines "genetic information" as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members; (4) an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or the individual's family member; and (5) the genetic information of a fetus. 42 U.S.C. § 2000ff(4)(A); 29 C.F.R. § 1635.3(c).

viewing them in the light most favorable to Plaintiff, the Complaint does not include sufficient factual matter to "state a claim to relief that is plausible on its face." *See Franks v. City of Austin*, 1-19-CV-0040-LY, 2020 WL 3446164, at *1 (W.D. Tex. June 24, 2020) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff has pled no facts to suggest Defendant requested or obtained his "genetic information" let alone discriminated against him on that basis. Therefore, Plaintiff's Complaint does not allow the Court to draw the reasonable inference that Defendant is liable for discrimination based on Plaintiff's genetic information and his GINA claim should be dismissed with prejudice pursuant to Rule 12(c).[4]

**B. Defendant is entitled to summary judgment on Plaintiff's claims for retaliation under Title VII.**

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show (1) he participated in activity protected by Title VII; (2) Defendant took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *See E.E.O.C. v. Air Liquide USA, LLC*, 692 F. Supp. 2d 658, 668 (S.D. Tex. 2010) (citing *Septimus v. Univ. of Houston*, 399 F. 3d 601, 609 (5th Cir. 2005)). Defendant argues it is entitled to summary judgment on Plaintiff's retaliation claims because Plaintiff has not and cannot demonstrate a *prima facie* case of retaliation. Dkt. 25 ¶ 24.

---

[4] *Pro se* litigants should generally be offered an opportunity to amend a complaint before it is dismissed. *Bewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, granting leave to amend is not required if the plaintiff has already pleaded his "best case." *Id*. at 768. In his Response and Surreply, Plaintiff give no indication that he had not pled his best case with respect to his genetic information discrimination claim and does not state any material facts that he would have included in an amended complaint. *See id*. (giving no leave to amend where the *pro se* plaintiff did not indicate he had failed to plead is "best case."). Plaintiff's Response and Surreply entirely fail to address Defendant's argument for dismissal of the genetic information discrimination claim. Therefore, this claim should be dismissed with prejudice. *See id*.

### 1. *Plaintiff has failed to present any summary judgment evidence demonstrating that, prior to his termination, he engaged in activity protected by Title VII.*

An employee engages in a protected activity under Title VII where she has "opposed any practice made an unlawful employment practice by [Title VII]" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Flowers v. Texas Military Dep't*, 391 F. Supp. 3d 655, 668 (S.D. Tex. 2018) (quotations omitted). Plaintiff alleges in his Complaint that, prior to his termination, he "went to HUMAN RESOURCES on several occasions to discuss the unlawful unconstitutional treatment imposed by [Defendant.]" Dkt. 1 ¶ 9. Plaintiff also alleges that, on the day of his termination, he "informed HUMAN RESOURCES that he is filing a complaint with the EQUAL EMPLOYMNET OPPORTUNITY COMMISSION." *Id*. However, Plaintiff has failed to present any competent summary judgment evidence in support of these allegations.[5]

Defendant, on the other hand, has presented summary judgment evidence in the form affidavit testimony by the General Manager of the dealership, stating that during Plaintiff's term of employment, Plaintiff never made a complaint of discrimination or harassment to him or in accordance with the company's written policies. Dkt. 25-1 ¶ 14. In addition, the General Manager's Affidavit states that, based on his interview of the director of Human Resources, Plaintiff never made a complaint about discrimination or harassment to anyone in Human Resources either while he was employed at the company or at the time of his termination. *Id.* Defendant is entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff has

---

[5] Plaintiff has offered a copy of his unsworn diary entries as evidence opposing summary judgment. Dkt. 21-1 at 2-15. Although the federal courts have a "traditional disposition of leniency toward pro se litigants," pro se plaintiffs are still required to submit competent evidence to avoid summary judgment and are not able to oppose summary judgment using unsworn materials. *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (citations omitted) (explaining pro se plaintiffs may not avoid summary judgment with unsworn materials); *Bouknight v. Roesler*, Civil Action No. 3:13-CV-451, 2017 WL 1102685, at *4 (S.D. Tex. Mar. 22, 2017) ("Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to put that evidence properly before the court."). Therefore, Plaintiff's unsworn diary entries are not competent evidence in opposition of summary judgment.

failed to present any competent summary judgment evidence sufficient to raise a fact issue on the necessary element of his retaliation claim–that he engaged in protected activity.

### 2. *Plaintiff cannot demonstrate a causal connection between his post-termination protected activity, the filing of the EEOC complaint, and his termination*.

Plaintiff filed a notice of discrimination with the EEOC which constitutes protected activity and satisfies the first element of a retaliation claim. *See Garza v. North East Independent School Dist.*, 415 F. App'x 520, 523 (5th Cir. 2011) (citing 42 U.S.C.A. § 2000e-3(a)). Furthermore, Plaintiff's termination constitutes an adverse employment action in satisfaction of the second element of a retaliation claim. *Id.* However, to meet his *prima facie* burden, Plaintiff must also satisfy the third element of a retaliation claim and establish a causal link between his protected activity–the filing of the EEOC complaint, and the adverse employment action—his termination.

Plaintiff cannot demonstrate a causal link between the filing of the EEOC complaint and his termination because his termination preceded the filing of the EEOC complaint. *See Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 326 (5th Cir. 2017) (explaining as a matter of law only adverse employment actions occurring *after* the date the plaintiff first engaged in protected activity can constitute retaliatory conduct); *see also North East Independent School Dist.*, 415 F. App'x 520, 523 (5th Cir. 2011) (finding no causal link where plaintiff was terminated before the EEOC complaint was filed). Because Plaintiff has failed to raise a genuine issue of material fact on the existence of a causal link between the filing of his EEOC complaint and his termination, Defendant is entitled to summary judgment with respect to Plaintiff's retaliation claim based on his complaint to the EEOC.

***3. Even assuming Plaintiff had presented a prima facie case of retaliation, Defendant has offered a legitimate, non-discriminatory reason for Plaintiff's termination and Plaintiff has not shown pretext.***

Plaintiff alleges that on the day of his termination he informed his employer he intended to file an EEOC complaint. Dkt. 1 ¶ 9. Notice to an employer of the intent to file an EEOC complaint can be considered protected activity. *See Garcia v. City of Amarillo, Texas*, 2:18-CV-95-Z-BR, 2020 WL 4208060, at *12 (N.D. Tex. July 22, 2020) ("[T]his Court holds that Plaintiff engaged in protected activity when he gave Defendant notice of his intent to file charges under the EEOC . . . ."); *Elwaken v. Target Media Partners Operating Co., LLC*, 901 F. Supp. 2d 730, 759 (E.D. La. 2012) (finding the plaintiff did not engage in protected activity prior to her termination where there was no indication that she filed a charge *or threatened to file a charge* during her course of employment) (emphasis added). However, even assuming Plaintiff had submitted proper summary judgment evidence of this allegation in the form of affidavit testimony, Defendant still would be entitled to summary judgment.

Assuming for the sake of argument that Plaintiff had presented competent summary judgment evidence to make out a *prima facie* case for retaliation based on his threat to file a complaint with the EEOC,[6] Defendant has offered a legitimate, non-discriminatory reason for Plaintiff's termination and Plaintiff has failed to raise any argument that suggests the articulated reason was pretextual. Defendant asserts that Plaintiff was terminated because he left work during a regularly-scheduled shift without excuse or authorization and because he engaged in conduct that created a hostile work environment. Dkt. 25-1 ¶ 12. It is Plaintiff's burden to put forth evidence showing that he would not have suffered the adverse employment action "but-for"

---

[6] "The causation element may be proved by temporal proximity between the protected activity and the adverse employment action when they occur 'very close' in time." *Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 879 (5th Cir. 2010) (quotations omitted). Plaintiff alleges he notified Defendant that he intended to file a complaint with the EEOC and was terminated later that day. Dkt. 1 ¶ 9.

Defendant's retaliatory motive. *See Atkins v. Southeast Community Health Sys.*, 712 F. App'x 388, 391 (5th Cir. 2017). Plaintiff has failed to present any evidence to challenge the Defendant's reason for terminating him as pretext. Therefore, Defendant is entitled to summary judgment on Plaintiff's claim for retaliation based on his threat to file a complaint with the EEOC.

**C. Plaintiff has failed to establish a *prima facie* claim for hostile work environment.**

To establish a *prima facie* case for a hostile work environment under Title VII, Plaintiff must show (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Williams-Boldware v. Denton Cty.*, 741 F.3d 635, 640 (5th Cir. 2014).

Defendant does not dispute that Plaintiff has satisfied the first and second elements of his prima facie case, that he is a member of a protected class and was subject to unwelcome harassment. Dkt. 25 ¶ 27. However, Defendant argues Plaintiff cannot demonstrate the third element of his prima facie case—that any alleged harassment was based on Plaintiff's race or membership in a protected group, and the fourth element—the harassment affected a term, condition, or privilege of employment. *Id.* ¶ 27, 29.

"Harassment is based on race where the complained-of conduct had a racial character or purpose." *Jones v. Dallas County*, 47 F. Supp. 3d 469, 483 (N.D. Tex. 2014) (internal quotations omitted). On their face, the incidents described in Plaintiff's Complaint have no racial character or purpose and Plaintiff has failed to offer any evidence demonstrating harassment based on race. For example, Plaintiff alleges in the Complaint that he was discriminated against because Defendant's employees called him "Elvis" instead of referring to him by his appellation, "The

11

King/Morocco." Dkt. 1 ¶ 2. Plaintiff also complains that he felt "disrespected and insulted" based on the language (profanity) and tone Defendant's employees used with him. *Id*. ¶ 8. Not a single specific factual allegation in the Complaint describes discrimination based on race or any other status protected by Title VII. Plaintiff's conclusory allegations that he was harassed due to his race[7] fail to demonstrate a racial purpose behind his coworkers' treatment of him. Although the workplace may have been unpleasant for Plaintiff, he has failed to raise a genuine issue of material fact as to whether the harassment at issue was due to his race. Because Plaintiff has failed to raise a genuine issue of material fact on this element, summary judgment should be granted on Plaintiff's hostile work environment claim.

### IV.  Conclusion

Because Plaintiff has failed to raise a genuine issue of material fact with respect to at least one element of each of his claims, Defendant's Motion for Summary Judgment is **GRANTED** in its entirety.

Signed on November 3, 2020 at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge

---

[7] Dkt. 1 at 5 (" [Defendant] has discriminated against the plaintiff and violated his rights because of his nationality. . . . This is an attack by [Defendant] against Indigenous, Aboriginal, International, Sovereign humans."); Dkt. 28 at 2 ("[Defendant] is looking to cover [its] tracks for [its] racist and discriminatory treatment toward the plaintiff."); Dkt. 32 at 1-2 ("[Defendant] is guilty of discrimination in direct violation of Title 7 of the Civil Rights Act. The defendant is discriminating against the plaintiff by treating the plaintiff differently than other ethnic, national and racial groups at the workplace. . . . Other employees of [Defendant] of the same ethnic national and racial background as the plaintiff have complaints against [Defendant]. The defendant has a history of discrimination and retaliation against people with similar ethnic, national and racial backgrounds as the plaintiff.").